# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARLAN WIELAND and <br> DINA WIELAND, <br>     Plaintiffs, <br> vs. <br> ARVINMERITOR INC., et al, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) )   Case No. 20-CV-196-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

  Plaintiffs Arlan Wieland and Dina Wieland originally filed this lawsuit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, alleging that Arlan Wieland sustained injuries due to asbestos exposure. Trial in this matter began in Madison County Circuit Court on February 18, 2020. On February 19, 2020, Defendant ArvinMeritor removed the case to this Court by via Notice of Removal asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1).

  This case is now before the Court on Plaintiffs' Emergency Motion for Remand (Doc. 7).[1] For the following reasons, the Motion is **GRANTED** and this matter is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Defendant's Motion for Jurisdictional Discovery (Doc. 14) is **DENIED.**

---

[1] Given this Court's independent obligation to determine the existence of subject matter jurisdiction, *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case") and in deference to the state court's active trial schedule in this matter, the Court finds it appropriate to rule on Plaintiffs' Emergency Motion without awaiting a Response from the defendants.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction over civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In order for complete diversity to exist, "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The defendant bears the burden of establishing that all of the prerequisites for removal have been satisfied; the jurisdictional circumstances existing at the time of removal are determinative. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004); *In re Shell Oil Co.,* 966 F.2d 1130, 1133 (7th Cir. 1992).

Plaintiffs are citizens of New Mexico. In its Notice of Removal, Defendant ArvinMeritor asserts that only two defendants remain in this case: ArvinMeritor, Inc., an Indiana corporation with a principal place of business in Michigan and PACCAR, a Delaware corporation with its principal place of business in Washington. However, Plaintiffs maintain (and the record supports), that Caterpillar Inc. remains a defendant in this lawsuit. Caterpillar Inc. is a Delaware corporation with a principal place of business in Illinois. Although Plaintiffs and Defendant Caterpillar have engaged in settlement negotiations, the parties have not reached an agreement (*See* Doc. 7-3, Affidavit of Jordan C. Roberts). The Court also takes judicial notice of the state court docket in *Wieland v. ArvinMeritor, Inc. et al*, Case No. 19-L-242 which, as of today, lists Caterpillar as an active defendant in this case. As such, complete diversity does not exist.

This Court lacks subject matter jurisdiction and is obligated, pursuant to 28 U.S.C. § 1447(c), to remand the case back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. However, the Court retains jurisdiction over this matter for the purpose of

resolving Plaintiff's request for attorney's fees, costs and the imposition of sanctions. Accordingly, Plaintiffs are **DIRECTED** to file any motion seeking sanctions pursuant to Federal Rule of Civil Procedure 11 and an award of costs and fees associated with the removal of this action pursuant to 28 U.S.C. §1447(c) on or before **March 12, 2020**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: February 20, 2020**

**STACI M. YANDLE**
**United States District Judge**